UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GUTTERGLOVE, INC., a California Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM LASELL, an individual, AMERICAN DIE AND ROLLFORMING INC., a California Corporation, and ARTESIAN HOME PRODUCTS, a California Corporation, doing business as VALOR GUTTER GUARD,<br><br>    Defendants. | Civ. No. 2:17-1372 WBS CKD<br><br>ORDER RE: REQUEST TO SEAL |

----oo0oo----

Plaintiff Gutterglove, Inc. brought this action against defendants William Lasell, American Die and Rollforming, Inc., and Artesian Home Products doing business as Valor Gutter Guard alleging various claims in connection with defendants' misappropriation of plaintiff's trade secrets. Before the court is defendants' Request to File Documents Under Seal filed March 15, 2018. (Docket No. 30.)

1

1 | A party seeking to seal a judicial record bears the
2 | burden of overcoming a strong presumption in favor of public
3 | access. Kamakana v. City & County of Honolulu, 447 F.3d 1172,
4 | 1178 (9th Cir. 2006). Where a party seeks to seal a dispositive
5 | pleading and a related attachment, the party must "articulate
6 | compelling reasons supported by specific factual findings that
7 | outweigh the general history of access and the public policies
8 | favoring disclosure, such as the public interest in understanding
9 | the judicial process." Id. at 1178-79 (citations omitted). The
10 | court then must balance the competing interests of the public and
11 | the party seeking to keep records secret. Id. at 1179.

Defendants move to seal their First Amended Answer and Counterclaims in its entirety, stating that it contains information that was designated as HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY by plaintiff pursuant to the Protective Order in this case. Defendants do not give specific reasons why any particular information in the First Amended Answer and Counterclaims should be sealed.

Here, the Magistrate Judge entered the parties agreed Protective Order to provide special protection from public disclosure for production of confidential, proprietary, or private information. (Protective Order at 1 (Docket No. 29).) However, the Protective Order explained that "this Stipulated Protective Order does not entitle them to file confidential information under seal" and that for each "document . . . sought to be filed or introduced under seal . . . the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing

order." (Id. at 3.) "Thus, [defendants] should have been on notice that confidential categorization . . . under the protective order was not a guarantee of confidentiality, especially in the event of a court filing." See Kamakana, 447 F.3d at 1183. Further, sealing this information may prevent the public from understanding the basis upon which the court makes its decisions, and defendant fails to explain how public disclosure of the contents of its First Amended Answer and Counterclaims would cause harm to any of the parties, much less how that harm outweighs public policies favoring disclosure. See id. at 1178-79. Accordingly, "the claimed reliance on the [protective] order is not a 'compelling reason' that rebuts the presumption of access." Id. at 1183.

IT IS THEREFORE ORDERED that defendants' Request to Seal (Docket No. 30) be, and the same hereby is, DENIED without prejudice to the right of either party to submit a more tailored request, such as redacting a portion of the First Amended Answer and Counterclaims, which specifically states the basis for sealing or redacting this document and why the harm of disclosing that information outweighs public policies favoring disclosure.

Dated: March 21, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE