UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GUTTERGLOVE INC., a California Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>WILLIAM LASELL, an individual; AMERICAN DIE AND ROLLFORMING, INC., a California Corporation; and ARTESIAN HOME PRODUCTS, a California Corporation, dba VALOR GUTTER GUARD,<br><br>    Defendants. | Civ. No. 17-1372 WBS CKD<br><br><u>ORDER RE: MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS</u> |

----oo0oo----

    Plaintiff Gutterglove, Inc. brought this action against defendants William Lasell, American Die and Rollforming, Inc. ("American Die"), and Artesian Home Products doing business as Valor Gutter Guard ("Valor") alleging various claims in connection with defendants' misappropriation of plaintiff's trade secrets.  On November 1, 2017, the court issued a Status (Pretrial Scheduling) Order that prohibited further amendments to

1

the pleadings "except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b)." (Docket No. 25.) Presently before the court is defendants' Motion for Leave to File a First Amended Answer and Counterclaims. (Docket No. 31.) Defendants seek to amend their answer to include a new claim and defense for inequitable conduct as well as additional facts to bolster their existing claim for conversion and defense of unclean hands. (Defs.' Mot. at 2, 4-5.)

Here, defendants filed their original answer on November 8, 2017, and on December 5, 2017, U.S. Patent No. 9,834,936 ("'936 Patent") was issued, which listed Robert C. Lenney as the sole inventor. (Costello Decl. ¶ 5 (Docket No. 31-2).) After learning about the '936 patent, defendants' counsel instigated an investigation, which was only recently completed, to determine the significance of the '936 patent to this case. (Defs.' Mem. at 6.) Thus, because the '936 patent issued after defendants filed their original answer, defendants did not have a sufficient basis to allege their new claim and defense until after they learned about the '936 patent and conducted an investigation, and therefore defendants have shown good cause under Rule 16(b). (See id. at 12-13.) Moreover, defendants' First Amended Answer will not cause any unnecessary delay in the litigation as discovery is still open, little discovery has yet been conducted, and the pretrial conference and trial dates will remain unchanged.[1] See Johnson v. Mammoth Recreations, Inc.,

---

[1] Discovery is open until September 20, 2018 and only two witness depositions have been taken, both which were noticed by defendants. (Defs.' Mem. at 11.)

975 F.2d 604, 607-08 (9th Cir. 1992) (holding that if good cause is shown then leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay).

Plaintiff argues that amendment is futile because the court does not have subject matter jurisdiction. (Pl.'s Opp'n at 3 (Docket No. 36).) However, this issue would be better resolved on a motion to dismiss or motion for summary judgment. "While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion . . . such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002).

Plaintiff also argues that defendants' failure to file the First Amended Answer with the Court pursuant to Local Rule 137(c) warrants denial of the Motion. (Pl.'s Opp'n at 6.) Local Rule 137(c) of the Local Rules of the United States District Court for the Eastern District of California provides in relevant part that, "[i]f filing a document requires leave of court . . . counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave." Further, "[t]he Court has discretion to deny a motion to amend for the failure to attach a proposed pleading as required by local rule." Waters v. Weyerhaeuser Lanier v. Fresno Unified Sch. Dist., Civ. No. 1:09-01779-AWI, 2013 WL 3892953, at *1 (E.D. Cal. July 26, 2013) (citing Mortgage Co., 582 F.2d 503, 507 (9th Cir. 1978)).

Notwithstanding Local Rule 137(c), the court declines

to deny leave to amend due to failure to attach the proposed answer, because both plaintiff and the court were provided with the proposed answer. On March 15, 2018, defendants filed their Motion for Leave to File the First Amended Answer on the same day it filed its Request to Seal the First Amended Answer.[2] (Docket Nos. 30, 31.) In order to permit the court to rule on its Request to Seal, defendant emailed the court and plaintiff[3] a copy of its First Amended Answer, and thus both the court and plaintiff had time to review the proposed amended answer. Compare Perryman v. Duffy, Civ. No. 2:15-08 DB P, 2016 WL 5815938, at *3 (E.D. Cal. Oct. 4, 2016) ("Without a proposed amended complaint, the Court is unable to review plaintiff's claims and therefore cannot grant his motion."). Given the unique circumstances of this case and the fact that plaintiff had the opportunity to review the First Amended Answer, the court finds that plaintiff was not prejudiced by defendants' failure to file the First Amended Answer with its Motion for Leave to File the First Amended Answer. Accordingly, the court will exercise its discretion to permit defendants to file the First Amended Answer.

---

[2] On March 21, 2018 the court denied defendants' Request to Seal without prejudice to the right of either party to submit a more tailored request. (Mar. 21, 2018 Order (Docket No. 33).)

[3] Defendants certified that defendants submitted their Request to Seal Documents, including an un-redacted FAA by email to the undersigned Judge and to plaintiff's counsel. (Defs.' Request to Seal Documents Per Local Rule 141 at 2. (Docket No. 30).) In addition, defendants state in their reply that they emailed the draft FAA, with confidential-designated information, and asked for plaintiff to stipulate to allow the filing of the FAA. (Defs.' Reply at 6 (Docket No. 37).)

1          IT IS THEREFORE ORDERED that defendants' Motion for
2    Leave to File a First Amended Answer and Counterclaims to
3    Plaintiff's Second Amended Complaint (Docket No. 31) be, and the
4    same hereby is, GRANTED.  This order is without prejudice to the
5    right of any defendant to file a motion to dismiss or motion for
6    summary judgment on any grounds, including the ground that the
7    court does not have subject matter jurisdiction over defendants'
8    counterclaims.
9    Dated:  April 24, 2018

     WILLIAM B. SHUBB
     UNITED STATES DISTRICT JUDGE