UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUTTERGLOVE, INC., | No. 2:17-cv-01372-WBS-CKD |
| Plaintiff, | |
| v. | ORDER |
| WILLIAM LASELL, et al., | |
| Defendants. | |

Presently pending before the court is plaintiff's motion to enforce protective order. (ECF No. 40.) Defendants opposed this motion and plaintiff filed a reply. (ECF Nos. 43, 44.) This matter came on regularly for hearing on May 30, 2018, at 10:00 a.m., before the undersigned. Sara Weilert Gillette appeared telephonically on behalf of plaintiff. John P. Costello appeared on behalf of defendants.

After carefully considering the briefing and the oral argument, and for the reasons stated on the record at the hearing, plaintiff's motion to enforce protective order (ECF No. 40) is granted in part.

On March 6, 2018, the court approved parties' stipulated protective order. (ECF No. 29.) In pertinent part, the protective order provides:

> A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of

1

> the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party and Producing Party should work cooperatively, subject to the requirement that restraint be exercised, to create a redacted version of the Protected Material or a stipulated summary of the Protected Material that may be filed in the public record.

(ECF No. 29 at 15–16.)

Then, on March 15, 2018, defendants sought leave to file their entire first amended answer under seal. (ECF No. 30.) United States District Judge William B. Shubb denied defendants' request on March 21, 2018. (ECF No. 33.) Specifically, Judge Shubb ordered that

> defendants' Request to Seal (Docket No. 30) be, and the same hereby is, DENIED without prejudice to the right of either party to submit a more tailored request, such as redacting a portion of the First Amended Answer and Counterclaims, which specifically states the basis for sealing or redacting this document and why the harm of disclosing that information outweighs public policies favoring disclosure.

(ECF No. 33 at 3.) Judge Shubb observed that defendants did "not give specific reasons why any particular information in the First Amended Answer and Counterclaims should be sealed." (Id. at 2.)

As explained on the record, the parties agree that the entire first amended answer and counterclaims should not be sealed. Indeed, plaintiff only seeks redactions from paragraphs 28 and 81. Therefore, the court concludes that defendants are bound by the stipulated protective order to work together with plaintiff to craft a more narrowly tailored request to seal.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to enforce protective order (ECF No. 40) is GRANTED IN PART, on the terms outlined in this order.

2. Within seven (7) days of this order, parties shall meet and confer in furtherance of the terms of their stipulated protective order (ECF No. 29), in order to craft a more narrowly tailored request to seal portions of the first amended answer and counterclaims, pursuant to the court's March 21, 2018 order (ECF No. 33).

3. If the parties cannot reach an agreement on a new request to seal, then plaintiff may submit a unilateral request to seal portions of the first amended answer and

counterclaims.

4. Once the sealing request is resolved and the first amended answer and counterclaims is filed, plaintiff must provide the required initial discovery within fourteen (14) days.

Dated: May 31, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/17-1372.gutterglove.order mot to enf

3