UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GUTTERGLOVE, INC., a California Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>WILLIAM LASELL, an individual; AMERICAN DIE AND ROLLFORMING INC., a California Corporation; and ARTESIAN HOME PRODUCTS, a California Corporation, doing business as VALOR GUTTER GUARD,<br><br>        Defendants. | No. 2:17-cv-1372 WBS CKD<br><br><u>ORDER RE: REQUEST TO SEAL</u> |

----oo0oo----

On March 21, 2018, this court rejected defendants' Request to File the First Amended Answer and Counterclaims ("First Amended Answer") under Seal without prejudice to the right of either party to submit a more tailored request, such as redacting a portion of the First Amended Answer and Counterclaims, which specifically states the basis for sealing or redacting this document and why the harm of disclosing that

1

information outweighs public policies favoring disclosure.[1] (Defs.' Mot. to Seal (Docket No. 30); March 21 Order (Docket No. 33).) In denying the request, the court noted that defendants "d[id] not give specific reasons why any particular information in the [FAA] should be sealed." (March 21 Order at 2.)

On May 2, 2018, plaintiff filed a Motion to Enforce the Protective Order arguing that defendants threatened to violate the Protective Order by publicly filing the First Amended Answer. Plaintiff contends the First Amended Answer contains protected material in contravention of the parties' agreement in their Protective Order. (Pl.'s Mot. to Enforce Protective Order ("Pl.'s Mot.") at 2 (Docket No. 40).) As required by the Protective Order, the Magistrate Judge directed the parties to meet and confer to craft a more narrowly-tailored request to seal portions of the First Amended Answer, but stated that if the parties could not reach an agreement, then plaintiff could submit a unilateral request to seal portions of the First Amended Answer. (May 31, 2018 Order (Docket No. 48).) The parties were unable to reach an agreement on a new request to seal. Presently before the court is plaintiff's request that the court redact portions of paragraphs 28 and 81 of defendants' First Amended Answer. (Docket No. 49.)

A party seeking to seal a judicial record bears the burden of overcoming a strong presumption in favor of public access. Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178

---

[1] Plaintiff did not oppose defendants' request. (Docket No. 32).

2

(9th Cir. 2006). Regardless of the standard to be applied, plaintiff has not shown "good cause" let alone "compelling reasons" to redact the First Amended Answer. See In re Google Inc. Gmail Litig., No. 13-MD-02430-LHK, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013); see also Illumina, Inc. v. Ariosa Diagnostics, Inc., No. 14-cv-1921 SI, 2014 WL 12647739, at *1 (N.D. Cal. June 23, 2014) (applying compelling reasons standard to motion to seal portions of the first amended answer and counterclaims).

Unlike the previous request to seal, plaintiff now provides a reason for its request to redact two paragraphs of defendants' First Amended Answer. Plaintiff argues that the two paragraphs at issue contain private material unearthed during discovery that constitutes "protected material" as defined by the parties' Protective Order.[2] (See Pl.'s Request to Seal at 5; Decl. of Sara Gillette ("Gillette Decl.") ¶ 5). Specifically, plaintiff argues that these paragraphs contain confidential communication that includes valuable commercial, research and development, and business practice information unavailable to the general public. (Pl.'s Request to Seal at 5; Gillette Decl. ¶ 6). Plaintiff further argues that the paragraphs contain plaintiff's intellectual property and designs, patent strategy, and an

---

[2] The Protective Order acknowledges that the action is likely to involve information from which special protection from public disclosure is warranted. (Protective Order (Docket No. 29).) Protected information consists of "confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information . . . information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure . . . ." (Id. at 2.)

analysis of competitive conduct in the gutter guard industry. (Pl.'s Request to Seal at 5; Gillette Decl. ¶ 7).

Having reviewed the request, the court concludes that neither of the two paragraphs at issue contain this type of information. First, plaintiff's arguments amount to no more than "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," which do not satisfy the "good cause" standard let alone the "compelling reasons" standard. See <u>Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.</u>, No. 16-cv-300 CJCR AOX, 2017 WL 2806897, at *5 (C.D. Cal. Mar. 30, 2017) (quoting <u>Beckman Indus. Inc. v. Int'l Ins. Co.</u>, 966 F.2d 470, 476 (9th Cir. 1992)). Second, the date a patent is filed is public information. Furthermore, the court does not see how the email in question—-which states that Robert Lenney found a document containing drawings and contents of an invention in a truck in July 2013--requires protection. Accordingly, the court will deny plaintiff's request that two paragraphs in the First Amended Answer be redacted.

IT IS THEREFORE ORDERED that plaintiff's motion to redact portions of defendant's First Amended Answer (Docket No. 49) be, and the same hereby is DENIED.

Dated: July 18, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE