UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUTTERGLOVE, INC.,

    Plaintiff,

v.

WILLIAM LASELL, et al.,

    Defendants.

No. 2:17-cv-01372-WBS-CKD

ORDER

    Presently pending before the court is plaintiff's motion to compel discovery. (ECF No. 54.) Defendants opposed this motion in the parties' September 19, 2018 joint status report. (ECF No. 70.) This matter was heard on September 26, 2018 at 10:00 a.m., before the undersigned. Jacob Song appeared on behalf of plaintiff and John P. Costello appeared on behalf of defendants. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I.     RELEVANT BACKGROUND

    Plaintiff initiated this matter on June 30, 2017, alleging that defendants have misappropriated trade secrets of Gutterglove in violation of 18 U.S.C. § 1836; violated a non-disclosure agreement; and breached fiduciary duties owed to Gutterglove. (See generally ECF No. 1.) Since that date, the parties have engaged in significant litigation.

1

On May 18, 2018, plaintiff served defendants with three sets of discovery: Common Interrogatories Set Two, Common Requests for Production Set Two, and Requests for Production Set One to Defendant William Lasell. (See ECF No. 54 at 3; Declaration of Sara Weilert Gillette, ECF No. 54-1 ["Gillette Decl."] ¶¶ 2-5.) Responses were due on or before June 19, 2018. (ECF No. 54 at 3.) Defendants failed to respond, or to request an extension of time to respond, by the deadline. (Id.)

On June 22, 2018, plaintiff's counsel pointed out that discovery was past due and requested that all discovery be provided without objections by June 29, 2018. (See Gillette Decl., Exh. 5.) Having still not received any responses, plaintiff filed the pending motion to compel on June 29, 2018, with a hearing date of July 27, 2018. (ECF No. 54.)

On July 23, 2018, this matter was stayed while parties pursued mediation efforts. (ECF No. 61.) The stay was lifted on August 27, 2018, after mediation was unsuccessful. (ECF No. 68.) Subsequently, plaintiff's motion to compel was reset for September 26, 2018. (ECF No. 69.) The parties were encouraged to engage in continued meet and confer efforts and were ordered to provide a joint statement no later than September 19, 2018. (Id.) On September 12, 2018, defendants provided responses to plaintiff's discovery requests along with numerous objections. (See Declaration of John P. Costello, ECF No. 71, Exhs. 3-5.)

At the hearing, defendants' counsel Mr. Costello failed to explain why there was no response to the discovery requests on or before June 19, 2018, and why defendants did not seek an extension of time to respond. Moreover, Mr. Costello confirmed that he has not yet provided a privilege log as to the responsive material he asserts is protected by attorney client privilege and the work product doctrine.

Plaintiff seeks an order from the court compelling defendants to provide all responsive discovery information without objections to plaintiff. (ECF Nos. 54 at 6; 70 at 2.) Plaintiff also seeks monetary sanctions against defendants in the amount of $1,200 for the cost of preparing and bringing this motion. (ECF No. 54 at 6.)

////

/////

II.     LEGAL STANDARD

According to the Federal Rules of Civil Procedure, responses and/or objections to interrogatories and requests for production must be provided within 30 days of being served. See Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories"); Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served").

"Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 . . . constitutes a waiver of any objection. This is true even of an objection that the information sought is privileged." Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). Such conduct also constitutes a waiver of any objection to Rule 34 requests for production. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("Fed. R. Civ. P. 33 and 34 provide that discovery requests must be responded to within 30 (or in some cases 45) days. It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection").

At the same time, the Ninth Circuit Court of Appeals "has recognized as part of a district court's inherent powers the broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial, . . . [including the discretion] to exclude testimony [or evidence that] would unfairly prejudice an opposing party." Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992) (internal citations omitted).

Pursuant to Rule 37, "a party seeking discovery may move for an order compelling an answer [or] . . .production" if "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents . . . under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Such a failure is also grounds for the court to order sanctions against the party that has failed to act. See Fed. R. Civ. P. 37(d)(1)(A)(ii). The court has the authority to order "the party that failed to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure. . ." Fed. R. Civ. P. 37(d)(3).

////

////

III. DISCUSSION

It is undisputed that defendants failed to respond, object, or request an extension of time to respond to plaintiff's May 18, 2018 discovery requests within 30 days of being served. Indeed, defendants did not provide any responses until September 12, 2018, nearly four months after the original requests were propounded. Moreover, defendants have failed to proffer good cause for their failure. A clash of personalities with opposing counsel does not excuse one from complying with the Federal Rules of Civil Procedure. Thus, defendants' failure constitutes a waiver of objections to plaintiffs' May 18, 2018 discovery requests. See Davis, 650 F.2d at 1160; Richmark Corp., 959 F.2d at 1473.

However, in the interest of fairness, the court acknowledges that ordering defendants to produce material protected by attorney client privilege or the work product doctrine could result in extreme prejudice to defendants. For example, such an order may result in the disclosure of important strategic email discussions between defendants and their attorney. The court does not wish to unduly punish defendants for the apparent failings of their attorney. Therefore, the court will allow defendants to assert objections based upon attorney client privilege and the work product doctrine. See Unigard Sec. Ins. Co., 982 F.2d at 368.

Defendants are admonished that any objections must be accompanied by a detailed privilege log. If the court later determines that any of these objections were made in bad faith, defendants may be subjected to additional sanctions including, but not limited to, being deemed to have waived all privilege-based objections to plaintiff's May 18, 2018 discovery requests.

Finally, the court finds that plaintiff's request for $1,200 in fees for preparing and bringing this motion is reasonable. Because the court also finds that Mr. Costello's conduct precipitated the current motion, Mr. Costello shall be responsible for paying this fee, and not his clients. See Fed. R. Civ. P. 37(d)(3)

IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel responses to discovery (ECF No. 54) is GRANTED.
2. Within fourteen (14) days of this order, defendants shall produce all outstanding

responsive material to plaintiff's May 18, 2018 discovery requests without any objections, except for those based upon attorney client privilege and/or the work product doctrine. Defendants shall simultaneously produce a detailed privilege log.

3. Within fourteen (14) days of this order, John P. Costello—and not defendants—shall pay plaintiffs $1,200 in sanctions for the cost of preparing and bringing this motion.

4. Mr. Costello shall provide a copy of this order to his clients in this matter.

Dated: September 28, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/17-1372.gutterglove.order MTC