KUTAK ROCK LLP
Jacob Song (SBN 265371)
5 Park Plaza, Suite 1500
Irvine, CA 92614
Telephone: (949) 417-0999
Facsimile: (949)-417-5394
Email:      Jacob.Song@KutakRock.com

Sara Weilert Gillette, Pro Hac Vice
2300 Main St., Ste. 800
Kansas City, MO 64108-2416
Telephone: (816) 960-0090
Facsimile: (816) 960-0041
Email:      Sara.Gillette@KutakRock.com

Jason S. Jackson, Pro Hac Vice
1650 Farnam St.
Omaha, NE 68102-2186
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
Email:      Jason.Jackson@KutakRock.com

Attorneys for Plaintiff, GUTTERGLOVE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUTTERGLOVE, INC. a California Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM LASELL, an individual, AMERICAN DIE and ROLLFORMING, INC., a California corporation; and ARTESIAN HOME PRODUCTS, dba VALOR GUTTER GUARD,<br><br>    Defendants. | Case No. 2:17-CV-01372-WBS-CKD<br><br>Judge: Hon. Carolyn K. Delaney<br>Courtroom: 24, 8th Floor<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified in the Court's discretion. This Order may also be modified for good cause. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 Conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. The parties are expected to comply with the Northern District's E-Discovery Guidelines ("Guidelines"), and are encouraged to employ the Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information. Otherwise the Local Rules of the Eastern District of California shall continue to apply.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the asserted claims and defenses. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

10. Each requesting party shall limit its email production requests to a total of seven custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

11. Each requesting party shall limit its email production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with

narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

12. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

14. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

15. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

**IT IS SO STIPULATED**, through Counsel of Record.

Date: October 11, 2018     */s/ Jacob Song*
                            Counsel for Plaintiff

Date: October 11, 2018     */s/ John P. Costello*
                            Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:  October 15, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE